## GULF STATES UTILITIES CO. v. SELMAN.

### No. 3525.

Court of Civil Appeals of Texas. Beaumont.
Jan. 17, 1940.

Rehearing Denied Feb. 28, 1940.

John G. Tucker, of Beaumont, and A. D. Dyess, of Houston, for appellant.

Collins, Pate, Hatchell & Garrison, of Lufkin, for appellee.

COMBS, Justice.

This is a personal injury damage suit filed by appellee, D. D. Selman, against appellant, Gulf States Utilities Company as defendant. Appellee received certain personal injuries when his automobile was run into from the rear, while parked on the highway, by a truck belonging to the appellant, and appellee received certain personal injuries for which he sought damages in the sum of $20,000.

So far as necessary to the holding announced below, the facts were:

On the night of August 19, 1936, the plaintiff and his wife and daughter were

returning from Minden, Louisiana, to their home in Houston, Texas, in their automobile. The wife was driving and plaintiff was riding on the front seat with her. When they reached a point between Sheppard and Cleveland on state highway thirty-five, plaintiff told his wife to stop the car as they had a flat tire. She pulled the car to the right and stopped it with the two right hand wheels about two feet off the paved portion of the highway, leaving the left wheels and about three feet of the car on the pavement. The pavement was eighteen feet wide and consequently fifteen feet of pavement was left between the car and the opposite edge of the pavement. With the car standing in that position, plaintiff got out to examine his tires and shortly afterward a truck drove up, which plaintiff flagged. The driver stopped and backed his car up so that his lights shone on the rear of plaintiff's car, when it was ascertained that both rear tires were flat. Plaintiff had only one spare tire, and as a consequence the truck driver was requested by plaintiff to stop in Cleveland and request a garage to send out aid. The truck proceeded on its way and, according to plaintiff, he then walked out on the shoulders of the road to see if they were safe to drive upon as he had encountered rains along the road. After examining the shoulders he went back to the car to tell his wife to drive it off the pavement when defendant's truck came up from the rear and collided with plaintiff's car, shoving it about ten feet down the highway and injuring plaintiff. At the place of the collision the highway was straight and level for a long distance in either direction, and the shoulders of the road were broad and firm, there being at least fifteen feet of the shoulder upon which plaintiff could have parked his car. The evidence is not entirely clear as to how long plaintiff's car was parked on the pavement before the collision, but we think the plaintiff's testimony shows that it was thus parked for at least ten or fifteen minutes. The car lights, front and rear, were burning. The jury convicted the defendant of several acts of negligence and assessed plaintiff's damages at $6,000. The following issues of contributory negligence were submitted and answered as indicated:

"Special Issue No. 19.

"Do you find from a preponderance of the evidence that the plaintiff, D. D. Selman, or his agent, Mrs. Selman, parked or left plaintiff's automobile standing upon the paved or improved or main traveled portion of the highway, when it was possible to park or leave such vehicle standing off of the paved or improved or main traveled portion of the highway?

"Answer 'Yes' or 'No'."

To this special issue the jury answered "Yes."

"If you have answered special Issue No. 19 'Yes', then, and then only, you will answer special Issue No. 20.

"Special Issue No. 20.

"Do you find from a preponderance of the evidence, that the parking and leaving of plaintiff's automobile standing upon the paved or improved or main traveled portion of the highway, if you have so found, was negligence as that term as been hereinbefore defined for you?

"Answer 'Yes' or 'No'."

To this special issue the jury answered "No."

"If you have answered special issue No. 20 'Yes', then, and then only, answer special issue No. 21.

"Special Issue No. 21.

"Do you find from a preponderance of the evidence that such negligence, if any you have found, was a proximate cause of the injuries, if any, sustained by the plaintiff?

"Answer 'Yes' or 'No'."

To this special issue the jury made no answer.

On the answers of the jury, convicting the defendant of several acts of negligence proximately causing the plaintiff's injuries, the trial court entered judgment for plaintiff for $6,000 for his personal injuries and $170 damages to his automobile.

Opinion.

It is our conclusion that the finding of the jury acquitting the plaintiff of negligence in parking his automobile upon the paved or main traveled portion of the highway is without support in the evidence. The parking of the automobile on the paved or main traveled portion of the highway, when there was ample room for it to be parked off the pavement, violated the statute. Vernon's Ann.P.C. art. 827a, § 10; Bilbrey v. Gentle, Tex.Civ.App., 107 S.W.2d 597, and authorities cited. It requires no citation of authority that an act committed in violation of a statute is gen-

erally held by the courts of this state to constitute negligence as a matter of law. It is true, as contended by appellee, that a technical violation of the law may occur under circumstances which justify or excuse it, or raise an issue of fact for the jury as to whether the act complained of under the attendant circumstances constituted negligence. See Taber v. Smith, Tex.Civ.App., 26 S.W.2d 722; Tarry Warehouse & Storage Co. v. Duvall, 131 Tex. 466, 115 S.W.2d 401; Hicks v. Morgan, Tex.Civ.App., 259 S.W. 263. But, as we view the evidence disclosed by the record before us, there was no sufficient justification or excuse for plaintiff parking his automobile on the pavement as was done. It appears without dispute that the shoulder of the road between the pavement and the drainage ditch was some fifteen feet in width, affording ample, safe parking space for plaintiff's automobile. The plaintiff's testimony is not in all respects clear as to how long his car remained parked on the pavement before it was struck by defendant's truck, but we believe his testimony is subject to no other reasonable construction than that he was parked in that position at least ten to fifteen minutes. After stopping, he had flagged a passing truck which backed up so that the headlights would shine on the rear of his car, had examined his tires, held at least a brief conversation with the driver of the truck and the truck had proceeded on its way, before the defendant's truck appeared on the scene. Everyone knows that the pavement of a main traveled highway is a dangerous place upon which to park an automobile, day or night, and particularly so at night when the vision of those driving upon the highway is necessarily limited. It is suggested that the plaintiff was unfamiliar with the road and had a short time before driven through some heavy rains along the road before reaching the point where he stopped, and that he did not know whether the shoulders of the road were sufficiently firm to make it safe to drive his automobile upon the shoulder of the road. But the evidence shows that from the position in which his automobile was standing, with its right wheels on the shoulder of the road and his wife driving, that he necessarily stepped off upon the shoulder of the road when he first got out of the car and walked upon it as he went back to examine his tires. So, as we have said, it is our conclusion that under the facts the issue of negligence of the plaintiff was established as a matter of law.

However, we overrule the appellant's contention that the issue of proximate cause was also established as a matter of law with reference to said issue. In parking his automobile in the position he did, the plaintiff left fifteen feet of the pavement upon his left, ample space for passing automobiles to pass by his automobile without danger. His car lights, front and rear, were burning. The defendant's truck attempted to pass on the wrong, or right hand side. Defendant's driver testified that his reason for doing so was that there was a car approaching from the opposite direction which made it impossible for him to pass on the left hand side without danger of a collision with the approaching car. However, his testimony that there was a car approaching was disputed by the plaintiff and his wife. Under the facts shown, we think that the question of whether or not the plaintiff's negligence in parking his automobile upon the pavement was a proximate cause of his injury was one of fact.

In some jurisdictions it is held that where a statute or ordinance is violated, resulting in injury to another, proximate cause will be inferred as a matter of law. See Osborne v. Montgomery, 203 Wis. 223, 234 N.W. 372. But the rule is otherwise in this state. In this state it is generally held that the question whether a negligent act, committed in violation of a statute, was the proximate cause of the injury which followed is one of fact. Waterman Lbr. Co. v. Beatty, 110 Tex. 225, 218 S.W. 363; Wohlford v. Texas & N. O. Ry. Co., Tex.Civ. App., 128 S.W.2d 449. See, also, note to the latter case in 18 Texas Law Review, No. 1, page 104.

In the case before us the issue of proximate cause, as related to plaintiff's negligence in parking his car upon the pavement, was submitted alternatively and was not answered by the jury. The failure of the jury to make a finding upon that issue of fact makes it necessary for us to reverse this case and remand it for a new trial.

The other assignments presented by the appellant's brief complain of matters which can be obviated upon another trial, and for that reason we do not pass upon them.

Reversed and remanded.