Truman HOLLY et al., Appellants,

v.

BLUEBONNET EXPRESS COMPANY et al., Appellees.

No. 12783.

Court of Civil Appeals of Texas.

Galveston.

Feb. 3, 1955.

Rehearing Denied March 3, 1955.

C. Mann Gregg, Texas City, and Talbert & Giessel and Henry P. Giessel, Houston, for appellants.

Wigley, McLeod, Mills & Shirley, V. W. McLeod and J. L. McMicken, Galveston, for appellees.

HAMBLEN, Chief Justice.

This suit arose out of a collision between an automobile and a truck which occurred March 16, 1953 at the intersection of Palmer Road and Logan Street in Texas City. As a result of such collision, John E. Driver, the operator of the automobile was killed, and Truman Holly, a passenger therein, received personal injuries. Suit was filed by Truman Holly, and by the survivors of John E. Driver, against Jack Womack, the operator of the truck, and his employer, Bluebonnet Express Co. Trial was before a jury, which in response to special issues submitted, found the operator of the truck negligent in failing to keep the truck under proper control, which, they found, proximately caused the collision. In response to other issues, the jury found that the operator of the truck did not fail to keep a proper lookout; did not drive at an excessive speed; did not fail to apply his brakes; that his failure to swerve to the right was not negligence; and that Truman Holly and the deceased, John E. Driver, were not in a position of peril at a time when the truck operator could have avoided the collision.

Issues of contributory negligence were submitted, in answer to which, the jury found the deceased, John E. Driver, who operated the automobile, negligent in failing to stop before entering the intersection; in driving into the intersection when the approaching truck constituted an immediate hazard; in failing to keep a proper lookout; in driving at an excessive speed; and in failing to properly apply brakes. All of these acts of negligence were found to be a proximate. cause of the collision, but none was found to be the sole proximate cause thereof.

Upon the verdict, judgment was entered denying recovery to the survivors of John E. Driver, and that portion of the judgment is not attacked in this Court. The defendants below, Jack Womack, and his employer, Bluebonnet Express Co., filed a motion for judgment non obstante veredicto as to the recovery sought by the passenger Truman Holly, said motion being based upon the proposition that there is no evidence to support the finding of negligence and proximate cause on the part of the truck driver in failing to keep the truck under proper control. This motion was granted by the trial court and judgment entered denying recovery by Truman Holly. The action of the court in entering such judgment forms the basis of appellants' one point of error, and is admittedly determinable by and dependent upon the question of the sufficiency of the evidence to support such findings. Appellees answer by five counter-points, numbers one, two and three asserting the total lack of evidence to support such findings, and numbers four and five contending in the alternative that the jury's answers were so contrary to the overwhelming weight and preponderance of the evidence as to be manifestly unjust. For reasons which we will attempt to state, this Court is of the opinion that there is insufficient evidence in the record presented to sustain the jury findings in answer to such disputed issues, and that the judgment of the trial court is correct, and should therefore be affirmed.

Logan Street runs approximately north and south, and Palmer Road runs approximately east and west, forming a right angle intersection. Traffic moving north or south on Logan Street is controlled at its intersection with Palmer Road by stop signs, and by a flashing red traffic light suspended over the center of the intersection. This same light displays an amber caution light to traffic moving east or west on Palmer Road. Prior to the collision, the automobile in which appellant was a passenger, was travelling south on Logan Street, and appellees' truck was travelling west on Palmer Road, both approaching the intersection. Two vastly differing versions of

the collision were presented by the respective litigants. As testified to by appellant Truman Holly, it occurred substantially as follows: John E. Driver approached the intersection of Palmer Road and Logan Street and stopped at the stop sign or stop light which was there. At that moment, a school bus which had been approaching the intersection from the South on Logan Street had just made a right turn on Palmer Road and was going in an easterly direction on Palmer Road. Driver then proceeded into the intersection and began to turn to the left. At that time the appellees' truck was a considerable distance away on Palmer Road, bearing at a rapid rate of speed. Driver completed the turn into Palmer Road about twenty yards behind the school bus, at which time the appellees' truck was about thirty or forty yards east of the intersection, and was passing the bus. The driver of the truck applied his brakes and began skidding his vehicle. When the truck was about five to ten feet from the automobile, it cut to its left at an angle somewhere between forty-five and ninety degrees, and struck the left side of the automobile. At the moment of impact, the automobile was travelling east on Palmer Road, some three feet south of its center line, and ten or fifteen feet east of the intersection.

The manner in which the collision occurred according to the appellees' version is disclosed by the testimony of Jack Womack, who was driving the truck. In substance he testified as follows: He was driving west on Palmer Road at a rate of speed of about 30 miles per hour. He was driving to the north of the center of the highway. He saw the automobile when he was about 85 or 90 feet back from the intersection. The automobile was going south on Logan and was about the same distance or a little farther back on Logan. The automobile was travelling between 40 and 50 miles per hour. Immediately after he saw the automobile he took his foot off of the accelerator and applied the brake. The impact occurred at the center of the intersection on the north half of Palmer Road. The automobile came to rest on

the southwest corner of the intersection. The front of the truck hit the left side of the automobile a direct head-on blow. The automobile had not made a left turn but was still headed south. He did not expect any automobile to be running the stop sign and red blinker light on Logan Street.

■ In addition to the testimony of this witness, there were introduced in evidence certain photographs. The authenticity of these photographs is not questioned. They were admitted without objection, and several of them admittedly reflect the scene of the collision immediately after its occurrence and before the two vehicles had been moved. Upon them is clearly indicated the tire marks of the truck up to the point of impact, the place where the impact occurred, the tire marks of the truck following the impact, the positions in which the vehicles came to rest, and the physical damage to each of them. By these photographs the following facts are conclusively proven to this Court, and, we believe, to any impartial examiner. The point of impact was approximately in the center of the intersection, but north of the center line of Palmer Road. Tire marks which are admittedly those of appellees' truck clearly show that up to the point of impact, the truck traveled in a straight path north of the center of Palmer Road. Physical damage to the front of the truck and the left side of the automobile show that the collision was head-on from the standpoint of the truck. All of these facts are corroborated by the uncontradicted testimony of a police officer who made an investigation of the scene of the collision immediately after its occurrence. In substance, the probative evidence reflected by these photographs conclusively proves that appellant's testimony concerning the manner in which the collision occurred, is at variance with the physical facts. That the jury likewise so concluded is clearly established by their answers to the issues submitted to them relative to the specific acts or omissions of the operators of the respective vehicles. But of more significance, in so far as our disposition of this appeal is concerned, the undisputed physical facts, as disclosed by the evidence, coupled with the negative findings of the jury relative to specific acts of negligence alleged to have been committed by appellee Womack, in our opinion completely negative the existence of any fact upon which can be supported the finding that appellee Womack failed to keep his truck under proper control and that such failure proximately caused the collision.

■■ An issue inquiring as to whether or not the operator of a vehicle failed to maintain proper control is general in the sense that proper control is composed of one or more constituent elements, the lack of any one or more of which may constitute lack of proper control. The number of such elements which may exist varies according to the circumstances in any given situation. But, in any given situation, there is a limit to the number of such elements. This limit is the resultant of human experience concerning the methods and means by which a vehicle may be controlled. That this is so, is authoritatively demonstrated by those decisions of our courts wherein it has been held not error to refuse to submit the requested issue of proper control because all of the constituent elements thereof had been otherwise submitted. Triangle Cab Co. v. Taylor, Tex.Civ.App., 190 S.W.2d 755, affirmed 144 Tex. 568, 192 S.W.2d 143; Blaugrund v. Gish, Tex.Civ.App., 179 S.W.2d 257, affirmed 142 Tex. 379, 179 S.W.2d 266; Northeast Texas Motor Lines v. Hodges, 138 Tex. 280, 158 S.W.2d 487; Schuhmacher Co. v. Holcomb, Tex.Civ.App., 174 S.W.2d 637. From these decisions it is apparent that in order to raise an issue of lack of proper control there must be evidence of an act or omission relative to one or more of the constituent elements of proper control. In the present case, the jury, in response to inquiries concerning specific acts or omissions on the part of appellee Womack, has acquitted him of failing to keep a proper lookout, driving at excessive speed, failing to apply his brakes, and failing to swerve to the right. Under the circumstances here present, even

under the version of the collision testified to by appellant, the only remaining element of lack of proper control which we can see, is the asserted act of appellee Womack in cutting to the left. The presence of no other element is claimed by appellant. The evidence of the physical facts which we have stated, conclusively prove that Womack did not cut to the left prior to the impact of the vehicles. The contention that appellant's testimony raises that issue is untenable. It had been held that testimony which is contrary to the undisputed physical facts will not raise an issue. Talley Transfer Co. v. Cones, Tex.Civ. App., 216 S.W.2d 604. Furthermore, the answers of the jury in response to the issues of contributory negligence and proximate cause relative to the acts and omissions of the appellant clearly demonstrate that the jury completely rejected the theory of the collision relied upon by appellant, including, necessarily, the theory that appellee cut his truck to the left. In doing so, they leave the findings of lack of proper control proximately causing the collision without support in the record, and they must therefore be disregarded. Dallas Railway & Terminal Co. v. Jarvis, Tex. Sup., 270 S.W.2d 205.

We see no merit in appellant's contention that the issue of lack of proper control is an ultimate issue, and that an affirmative finding thereon must override the negative findings as to specific acts or omissions alleged to have been committed by appellee Womack. No authority to that effect is cited. The contrary has been consistently held. New St. Anthony Hotel Co. v. Pryor, Tex.Civ.App., 132 S.W.2d 620, writ ref.; Peeler v. Smith, Tex.Civ. App., 18 S.W.2d 938; Smith v. Peeler, Tex. Com.App., 29 S.W.2d 975.

We deem it unnecessary to discuss appellees' counterpoints four and five in view of the holding in Hopson v. Gulf Oil Corp., 150 Tex. 1, 237 S.W.2d 352, to the effect that a finding by a Court of Civil Appeals that there is no evidence to support an issue, necessarily includes a finding that the answer of the jury to such issue is against the great weight and preponderance of the evidence.

Affirmed.