Garner McADAMS, d/b/a McAdams Construction Company, Appellant,

v.

J. D. STARNES, Appellee.

No. 5092.

Court of Civil Appeals of Texas.

El Paso.

May 18, 1955.

Rehearing Denied June 8, 1955.

Stephen Preslar, McCamey, Fred K. Newberry, Strasburger, Price, Kelton, Miller & Martin, Dallas, for appellant.

John A. Menefee, Rankin, Bob Huff, Lubbock, for appellee.

HAMILTON, Chief Justice.

This is a damage suit for personal injuries in which J. D. Starnes alleged that on April 11, 1952, he was driving his automobile in a southerly direction on Texas State Highway No. 349 at a point four miles north of the city of Rankin in Upton County, Texas. He charged that an agent of the appellant, Garner McAdams, doing business as McAdams Construction Company, was at said time and place traveling in a northerly direction, operating a Chevrolet truck, and that said agent attempted to pass another truck in front of him, proceeding in the same direction, with the result that he collided with appellee, causing appellee serious injuries.

The case was submitted to a jury on special issues, and in reply thereto the jury found issues of primary negligence, contributory negligence and discovered peril, all in favor of appellee, and found certain items of damages, amounting to $20,000, for which the trial court rendered judgment for appellee against appellant. Appellant has perfected his appeal to this court.

In connection with the submission of the issue on damages the court instructed the jury that they might take into consideration the loss of earnings, if any, of appellee up to the time of the trial, and the impairment of his capacity for earning money in the future. Appellant objected to such instructions on the ground that there was no evidence from which the jury could base the

findings of loss of. earnings or the impairment of earning capacity, and if there was any evidence it was insufficient to support such finding.

Appellant's points No. 1 through 7 are directed at the action of the court in instructing on loss of earnings and impairment of earning capacity, some of said points attacking the admissibility, of evidence admitted in connection with such questions.

At the time of the alleged collision the record reflects that appellee was a healthy, able bodied man, 47 years of age, and at the time the case was tried he was 49 years of age. He had never had any kind of physical ailments prior to said collision. At the time of said collision appellee was engaged in the abstract business and was managing four abstract plants located at Rankin, Crane, Big Lake and Midland, Texas. He owned outright or had an interest in all of said plants. His testimony was that his income from said abstract business was $14,000 to $15,000 a year prior to his alleged injuries. He further testified that his duties in operating said business consisted of taking off county records, making cards, supervising his employees, making files, soliciting business, and in looking after the business in general; that such duties required him to travel by automobile, driving his own car between said towns at frequent intervals. Appellee further testified that a man doing the kind of work he was doing would draw from eight to ten thousand dollars a year in salary. He further testified that because of said injuries he was unable to look after all of said plants and had to sell, and did sell, all but one plant and a half interest in another. He was under the care of a physician for ten months following his injuries, and incurred medical bills amounting to $1116.95. He testified the injuries to the knee, chest and back were still bothering him and that he was unable to lift anything. Dr. Cooper, who treated the appellee immediately after the collision and for about ten months thereafter, testified that as a result of the injuries to appellee's chest, knees, ankles and abdominal organs appellee was 40% partially permanently disabled. Dr. Snow testified that from his examination of appellee he found that several ribs had been fractured and dislocated, and that various lumbar vertebrae had been dislocated and fractured, causing the pinching of nerves and muscle rigidity in the back, and that based on his objective findings it was his opinion that appellee was totally disabled to do manual labor, and was 50% partially permanently disabled from doing the work that appellee was engaged in prior to said injuries.

■ We believe that under these facts the court was correct in charging the jury that it could take into consideration loss of earnings of appellee up to the time of the trial, and impaired earning capacity in the future, in arriving at the damages suffered by appellee. McIver v. Gloria, Tex.Civ. App., 163 S.W.2d.890, affirmed 140 Tex. 566, 169 S.W.2d 710; Triangle Cab Co. v. Taylor, Tex.Civ.App., 190 S.W.2d 755, affirmed 144 Tex. 568, 192 S.W.2d 143.

These points, one through seven, are all overruled.

■■ The eighth, ninth and tenth points raised by appellant are directed at misconduct of appellee's counsel in attempting to introduce testimony of a Mr. Wood that was taken at a hearing on appellee's motion for a new trial at a former trial of this cause. It appears that the testimony first was offered by Mr. Huff, appellee's counsel, in the following manner:

"Mr. Huff: Now at this time, Your Honor, if you will excuse the jury I will offer for the purpose of the record Mr. Wood's version of that wreck.

"Mr. Newberry: We object to that, Your Honor, making a speech to the jury, he can make those remarks out of the presence of the jury as well as in the presence of the jury.

"Mr. Huff: That's what I'm asking the Court to do and we can make the bill.

"The Court: Gentlemen of the jury, that's going to take several minutes and you might go get you coffee or something while you got time to do it, then call you back whenever ready for you."

After the jury was excused the appellee proved up the fact that Robert B. Wood was an employee of defendant (appellant) and that he was in the truck at the time of the collision. The record does not show what ruling the court made. However, the record does show the following:

"The Court: I don't know whether that would be admissible now.

"Mr. Huff: Allright, let the record show, Your Honor, we offer it at this time and we will retender it to the Reporter; Your Honor give us our bill on it. With that we rest."

Later in the trial the following took place with reference to the offer of Mr. Wood's testimony:

"Mr. Huff: That's all. At this time, Your Honor, we reoffer the testimony of Mr. Wood, Mr. Robert B. Wood.

"Mr. Newberry: I stated our views on that, Your Honor, he doesn't have the testimony, all the testimony isn't here.

"Mr. Huff: Just make the objection, let the Court rule.

"Mr. Newberry: Well, it isn't here, it isn't all here, that's the reason I object to it.

"Mr. Huff: We can introduce it.

"The Court: I can rule on it, make your objection.

"Mr. Huff: Sir?

"Mr. Newberry: My objections are the same as I stated outside the presence of the jury a while ago, and the arguments, Your Honor.

"The Court: Was that taken down?'

"Mr. Newberry: Yes, sir.

"The Court: Well, sustain the objection.

"Mr. Huff: Note our exception, with that, Your Honor, we rest."

Appellant's principal objection to the conduct of counsel as shown by this part of the record is the statement of appellee's counsel on his first attempt to introduce the testimony of Mr. Wood in referring to "Mr. Wood's version of that wreck." It is his contention that since Mr. Wood was an employee of defendant (appellant) and was riding in the truck at the time of the wreck that it was very prejudicial to appellant's case for him to have to object to the introduction of such testimony, and that such prejudice was aggravated by counsel's second attempt to introduce the testimony. In the first place, we do not find in the record anywhere that the jury was advised of the fact that Mr. Wood was an employee of defendant, or was in the defendant's truck when the collision happened, and while we do not approve of appellee's counsel describing the testimony he wanted to introduce as being "Mr. Wood's version of the wreck", we do not think in the state of the record the manner of offering the testimony was harmful. At any rate, appellant's counsel did not request the court to instruct the jury not to consider counsel's remark, and evidently appellant's counsel did not think such conduct justified, the court granting a mistrial, because he did not ask for it. We do not condemn appellee's counsel for the second attempt to introduce such testimony, because the record does not reflect that there was any clear ruling by the court on counsel's first attempt to introduce the testimony.

We overrule appellant's points 8, 9 and 10, and affirm the judgment of the trial court.