E. C. CUNNINGHAM et ux., Appellants,

v.

John SUGGS, Appellee.

No. 3559.

Court of Civil Appeals of Texas.

Eastland.

Oct. 28, 1960.

Rehearing Denied Nov. 23, 1960.

**370**

Huffaker & Green, Tahoka, for appellants.

Crenshaw, Dupree & Milam, Lubbock, for appellee.

COLLINGS, Justice.

E. C. Cunningham and wife brought suit against John Suggs for damages for personal injuries sustained by Mrs. Cunningham in an automobile collision which they alleged was proximately caused by defendant's negligence. Suggs denied any negligence proximately causing the collision and filed a cross action against the plaintiffs for damages to his automobile which he alleged were proximately caused by the negligence of Mrs. Cunningham. Trial was before a jury and, based upon the verdict, judgment was entered against plaintiffs in favor of the defendant Suggs on his cross action.

The collision in question occurred at about 8:30 p. m. on September 26, 1958, on the highway between Lamesa and Andrews, at a point where the highway runs approximately due east and west with a slight hill or rise to the west. The evidence indicated that the rise to the west was between 75 and 200 yards from the point of collision. Just prior to the collision Mrs. Cunningham was traveling east at a rate of about 30 miles per hour. It was a dark night, rain was falling heavily and at some points water was running across the highway.

The defendant John Suggs was a deputy sheriff of Andrews County. He was on the highway that night because he had been told that there was a dangerous water hole across the highway over in Dawson County and felt that he should proceed to the location of such dangerous water hole to warn travelers. He had just left a location on the highway in Andrews County where water covered the highway where he had stopped and remained for a time warning oncoming traffic of the danger. However, his understanding of the more serious condition on the highway in Dawson County caused him to proceed east toward that water hole. Soon after he had started east with this purpose in mind, he received word on the radio, with which his car was equipped, that highway patrolmen had been sent to the water hole in Dawson County so he decided to turn around and return to the one he had been guarding. He was in the process of turning when Mrs. Cunningham approached from the west and collided with

his car. In attempting to turn he circled to his left or north side of the road, then backed, swinging the front around toward the west until he had the back end of his vehicle off the south edge of the pavement. He was ready to proceed forward and complete his turn to the west when the collision occurred. At the time of the impact his car was occupying the south part of the highway with the front bumper about four feet south of the center stripe on the highway. The back wheels of Suggs' car were about 18 inches off the pavement on the south shoulder and his car was facing in a northwesterly direction, or almost at a right angle across the pavement. Suggs testified that before attempting to make the turn he looked for cars approaching from the west but saw none; that because of the rainy and stormy conditions existing at the time it was impossible to see a very considerable distance. He stated that Mrs. Cunningham's car was pretty close to him before he saw it; that he did not see it until it was about 100 feet from him which was the first that he knew of another automobile being . on the highway in that vicinity.

Mrs. Cunningham had been warned to look out for water across the road. Actually, she had stopped at a water hole prior to the point of collision as she proceeded east along the highway. She testified that as she drove along she was watching for water holes; that when she passed over the knoll just west of the point of collision and turned her lights on bright after having dimmed them for cars which she had met, she suddenly saw what she thought to be glistening water across the highway; that instead of glistening water it was Mr. Suggs' white car. She stated:

"I applied my brakes when I saw that I might be approaching water and when I saw it was a vehicle it was unbelievable."

It was then that the collision occurred.

Appellee Suggs alleged eight grounds of negligence on the part of Mrs. Cunningham. The jury found that she failed to keep her automobile under proper control under the circumstances and conditions existing at and just prior to the collision. The jury further found, however, that Mrs. Cunningham did not fail to keep a proper lookout; that she was not driving her automobile at an excessive rate of speed under the circumstances; that she did not fail to apply her brakes as soon as a person of ordinary prudence would have done under the same or similar circumstances, and that the failure of Mrs. Cunningham to turn her automobile to the left just prior to the collision was not negligence.

■■■ In numerous points appellants complain of the action of the court in entering judgment for Suggs on the basis of the findings in answer to special issues numbers 31 and 32, to the effect that Mrs. Cunningham failed to keep her automobile under proper control under the circumstances, and that such failure was a proximate cause of the collision. Appellants urge that the court erred in submitting such issues to the jury, and particularly urge that the court erred in refusing to disregard the answers to special issues numbers 31 and 32 because other issues inquiring as to the specific constituent elements of proper control were all answered favorably to Mrs. Cunningham and acquitted her of any negligence proximately causing the collision. Appellants contend that the findings of the jury concerning the specific constituent elements of proper control in favor of Mrs. Cunningham render immaterial their findings in answer to special issues numbers 31 and 32 which deal with the general issue of proper control and that the answers to issues 31 and 32 should be disregarded. In our opinion, appellants' contention in this respect is well taken. Findings concerning specific issues of negligence control over an answer to a general issue of negligence. Triangle Cab Co. v. Taylor, 144 Tex. 568, 192 S.W.2d 143; Holly v. Bluebonnet Exp. Co., Tex.Civ.App., 275 S.W.2d 737; 41–B Tex.Jur. 795, 796; Sproles v. Rosen, Tex. Com.App., 126 Tex. 51, 84 S.W.2d 1001; Western Gulf Petroleum Corp. v. Frazier

Jelke & Co., Tex.Civ.App., 163 S.W.2d 860, (Ref. W.M.); Bragg v. Hughes, Tex.Civ.App., 53 S.W.2d 151; Garza v. San Antonio Transit Co., Tex.Civ.App., 180 S.W.2d 1006; Peeler v. Smith, Tex.Civ.App., 18 S.W.2d 938, affirmed Tex.Com.App., 29 S.W.2d 975.

■ We cannot agree with appellee's contention that under the facts of this case there were other constituent elements of proper control not otherwise submitted or covered in any way by any of the answers of the jury acquitting Mrs. Cunningham of specific acts of negligence. All of the claimed acts of negligence on the part of Mrs. Cunningham pleaded by Suggs which were submitted to the jury were found favorable to her except that of failure to keep proper control. Other allegations of negligence not submitted which could have been constituent elements of proper control were merely different shades of the issues submitted and found favorable to Mrs. Cunningham. The allegations of negligence not submitted had to do with the conduct of Mrs. Cunningham under all the circumstances in evidence of operating her car at the rate of speed which she did, or of failing to stop her car or to drive around Suggs' car. The pleadings and evidence show no constituent elements of Mrs. Cunningham's failure to have proper control of her car which are not covered by issues submitted to the jury. Since the requested issues presented merely different shades of the issues submitted and found by the jury favorably to Mrs. Cunningham, they are not available as constituent elements of proper control in support of the jury finding on that general issue. See Holly v. Bluebonnet Express Co., supra; Blaugrund v. Gish, Tex.Civ.App., 179 S.W.2d 257, affirmed Serna v. Cochrum, Tex.Civ.App., 290 S.W.2d 383, and cases there cited.

In answer to the following numbered issues it was found by the jury (6) that Mrs. Cunningham had the right of way, (7) that Suggs failed to yield the right of way to Mrs. Cunningham, (8) that such failure was a proximate cause of the collision; (12) that appellee attempted to turn his car from the direct course in which it had been traveling when such movement could not be made with safety, (13) that such action on the part of appellee was not negligence, (14) but that the act of so turning was a proximate cause of the collision; (2) that appellee stopped his automobile upon the paved or main traveled part of the highway when it was "possible" to stop said vehicle off of the highway, (22) that such action on the part of appellee was not negligence, (23) but was a proximate cause of the collision.

In numerous points appellants contend that the findings that appellee failed to yield the right of way, attempted to turn his car from the course in which it had been traveling when such movement could not be made with safety, and stopped his vehicle upon the paved or main portion of the highway when it was possible to stop same off such part of the highway constituted violations of statutory duties imposed upon all persons who use the highways of this state. Appellants contend that the failure of appellee to yield the right of way to Mrs. Cunningham was a violation of sections 52 and 53 of Article 6701d, Vernon's Tex.Civ. St.; that his attempt to turn his car from the direct course in which it had been traveling when such movement could not be made with safety was a violation of section 68(a) of Article 6701d, V.T.C.S., and section (k) of Article 801, P.C.; that appellee's action in stopping his automobile upon the paved part of the highway when it was "possible" to stop said vehicle off of such part of the highway was a violation of section 93(a) of Article 6701d, V.T.C.S. The statutes in question are as follows:

"Sec. 52. Upon all roadways the driver of a vehicle shall drive upon the right half of the roadway, except as follows:

"1. When overtaking and passing another vehicle proceeding in the same

direction under the rules governing such movement;

"2. When the right half of a roadway is closed to traffic while under construction or repair;

"3. Upon a roadway divided into three (3) marked lanes for traffic under the rules applicable thereon; or

"4. Upon a roadway designated and signposted for one-way traffic."

"Sec. 53. Drivers of vehicles proceeding in opposite directions shall pass each other to the right, and upon roadways having width for not more than one line of traffic in each direction each driver shall give to the other at least one-half (½) of the main-traveled portion of the roadway as nearly as possible."

Section (K) of Article 801 of the Penal Code provides as follows:

"The person in charge of any vehicle upon any public highway before turning, stopping or changing the course of such vehicle shall see first that there is sufficient space for such movement to be made in safety, and if the movement or operation of other vehicles may reasonably be affected by such turning, stopping or changing of course, shall give plainly visible or audible signal to the person operating, driving or in charge of such vehicle of his intentions to so turn, stop or change said course."

The pertinent parts of Section 68(a) of Article 6701d are as follows:

"No person shall turn a vehicle at an intersection unless the vehicle is in proper position upon the roadway as required in Section 65, or turn a vehicle to enter a private road or driveway or *otherwise turn a vehicle from a direct course * * * upon a roadway unless and until such movement can be made with safety.* (Emphasis ours.)

Section 93(a) of Article 6701d is as follows:

"Upon any highway outside of a business or residential district, no person shall stop, park, or leave standing any vehicle, whether attended or unattended, upon the paved or main-traveled part of the highway when it is practical to stop, park or so leave vehicle off such part of said highway, but in every event, an unobstructed width of the highway opposite a standing vehicle shall be left for the free passage of other vehicles and a clear view of such stopped vehicle shall be available from a distance of two hundred (200) feet in each direction upon such highway."

Appellants urge that the violation of such statutory duties by appellee constitutes negligence per se or negligence as a matter of law and that the court erred in refusing to give effect to such answers of the jury which were fully supported by the evidence. Appellants contend that since appellee Suggs was guilty of such actions in violation of the laws of this state which constitute negligence per se, and since the jury found that such actions were proximate causes of the collision, the court erred in not entering judgment accordingly; that the court erred in giving effect to the jury findings and implied findings of the court that such acts on the part of Suggs were not negligence, and in entering the judgment that it did enter against appellants, and in failing to enter judgment on the verdict in favor of appellants upon their claim for the injuries sustained by Mrs. Cunningham. We cannot agree with appellants' contention that under the evidence appellee Suggs was guilty of negligence as a matter of law and the points so urging are overruled.

█. Ordinarily an act committed in violation of a statutory duty constitutes negligence per se, or negligence as a matter of law. Mundy v. Pieie-Slaughter Motor Co.,

146 Tex. 314, 206 S.W.2d 587; Castle v. Brown Cracker & Candy Co., 119 Tex. 447, 31 S.W.2d 630; Gulf States Utilities Co. v. Selman, Tex.Civ.App., 137 S.W.2d 122; Eubanks v. Wood, Tex.Civ.App., 304 S.W. 2d 567, (Ref.N.R.E.). However, as stated in 65 C.J.S. Negligence § 19, p. 426:

> "* * * even though an act or omission involves a violation of a statute or ordinance, liability may, in some cases, be avoided by showing that under the circumstances of the particular case the violation was justifiable or excusable; * * *"

See also Phoenix Refining Co. v. Powell, Tex.Civ.App., 251 S.W.2d 892, (Ref. N.R.E.).

■ It is held that even though a party intentionally violates a statute there may be circumstances which reasonably justify the violation, and if such circumstances exist the violation is excusable and the question of negligence is one of fact for a jury. In Taber v. Smith, Tex.Civ.App., 26 S.W.2d 722, it was held error to assume that a defendant was guilty of negligence in operating his truck on a highway at night without lights when the lights went out unexpectedly without any negligence on the part of the owner who used his best efforts to obtain garage service without success and finally instructed his driver to drive the truck slowly and carefully to the nearest garage about 400 feet away for repair of the lights. In Mora v. Favilla, 186 Cal. 199, 199 P. 17, the plaintiff had alleged negligence on the part of the defendant in washing his sidewalk with a hose just prior to plaintiff's injury at about ten o'clock a. m. in violation of a city ordinance which prohibited the wetting down or washing of sidewalks between the hours of eight in the morning and six in the evening. The defendant introduced evidence to the effect that the sidewalk was in a dirty and dangerous condition by reason of grease thereon without any negligence on his part; that such condition threatened injury to those who used the sidewalk, and that he was justified in washing the sidewalk irrespective of the prohibition of the ordinance. It was held under these circumstances that the evidence raised a fact issue for the jury on the question of negligence, even though the defendant had washed the sidewalk in violation of the ordinance.

■ We are doubtful if the finding that Suggs failed to yield the right of way under the pleadings and evidence constitutes a finding that he violated the provisions of Sections 52 or 53 of Article 6701d. If it does the violation must be in the fact that Suggs failed to drive or to move his car from the position it occupied on the south side of the highway in Mrs. Cunningham's lane of traffic after he saw her approaching in the rain. According to his testimony he could not and did not see her car until it was about 100 feet away. He testified, in effect, that because of the nearness of her approaching automobile and other circumstances, including the rain, the mud, the water in the bar ditch and the fact that the other side of the road was clear with sufficient room for her to pass, it was prudent, advisable and more consistent with safety to all concerned to remain in and not move from the position he then occupied. The court had a right, in our opinion, to believe that the excuse was reasonable. The failure of Suggs to drive or to move his car out of Mrs. Cunningham's lane of traffic was not, under the circumstances, negligence per se, and the implied finding of the court that Suggs' failure to yield the right of way was not negligence was amply supported by evidence and was not against the great weight and preponderance of the evidence.

We also hold that under the facts of this case the finding that Suggs attempted to turn his car upon the paved portion of the highway when such movement could not be made with safety was not a finding of negligence per se. The jury found that such action on the part of Suggs was not negligence and the evidence in our opinion amply supports the finding and the finding was not

against the great weight and preponderance of the evidence. The night was dark and there was a heavy rain. There were places where water was running across the highway and Suggs was, in the course of his duty, trying to protect the traveling public from the danger involved. In the course of his duty it appeared proper to return to the water hole he had been guarding. He was, under these facts, justified in turning around, but had the duty to do so in a careful and prudent manner. The darkness, the rain, the water in the bar ditches and other conditions existing at the time obscured not only his visibility but his ability to know and appreciate the exact nature of the dangers involved. The evidence supports the conclusion that under these unusual circumstances it was not possible to turn around on the highway with absolute safety. If Suggs acted with reasonable prudence under the circumstances, he is not charged with negligence per se merely because he turned in technical violation of the law in his efforts to return to the water hole he had been guarding to warn those who were using the highway on a stormy night of the dangers involved.

Under the facts the finding that Suggs stopped his automobile upon the paved or main portion of the highway when it was "possible" for him to have stopped off of such part of the highway likewise did not constitute negligence per se. Appellants urge the provisions of section 93, Article 6701d, supra, as a basis for their contention that Suggs' stopping on the highway was negligence as a matter of law. It is noted that this statute prohibited the stopping of a car on the paved portion of the highway "when it is practical to stop" off such part of the highway. There was no finding that Suggs stopped on the highway "when it was practical to stop" off the paved portion, but only that he did so when it was "possible" to stop off such part of the highway. It is also noted that the evidence shows that the act of Suggs in stopping on the paved part of the highway was not a parking of his car, nor did he leave it standing on the highway either attended or unattended. He stopped as a part of the process of turning around after backing as far to the south side of the highway as he felt that he could with safety without going off the shoulder of the road into the water in the bar ditch. This evidence supports the conclusion that although possible, it was not practical for him to back his car completely off the paved portion of the highway before stopping. He was ready to proceed forward when he saw Mrs. Cunningham's car approaching in her lane of traffic. This stopping of the car on the highway preparatory to proceeding forward again was not negligence per se. The evidence viewed in its most favorable light to the verdict supports the jury's conclusion that Suggs was justified or excused in stopping his car partially on the pavement and that such actions did not constitute negligence. The finding of the jury contrary to appellant's contention was not against the great weight and preponderance of the evidence.

■ Appellants complain in numerous points that the court erred in refusing to submit to the jury requested special issues inquiring whether Suggs was guilty of specified acts or omissions and whether such acts or omissions were negligence proximately causing the collision. The acts and omissions inquired about included issues on whether Suggs failed to drive his automobile completely off the paved portion of the highway, whether he could have, but failed to, drive his automobile onto the north shoulder of the highway, whether he could have, but failed to, drive his automobile onto the south shoulder of the highway, whether he stopped his automobile in such a position that it blocked the portion of the highway used by the traveling public and whether he stopped his automobile upon the paved portion of the highway without leaving an unobstructed width of the highway for free passage of other vehicles thereon. The matters inquired about in the appellants' requested special issues were phases and shades of, and were covered by,

issues submitted to the jury. The points complaining of the action of the court in refusing to again submit them are overruled. Goolsbee v. Texas & N. O. Ry. Co., 150 Tex. 528, 243 S.W.2d 386.

Appellants particularly complain of the action of the court in refusing to submit to the jury plaintiffs' requested issues numbers 9, 9a and 9b. Requested issue number 9 inquired whether Suggs attempted to turn his car around upon the paved portion of the highway at a time when he did not have sufficient clearance as to oncoming traffic in which to make the turn with safety to himself and oncoming traffic. Requested issues numbers 9a and 9b were subsidiary to requested issue number 9 and inquired whether such action, if any, was negligence and a proximate cause of the collision. We agree with appellee's contention that requested issue number 9 and its subsidiary issues were just other phases, or shades of, and were covered by special issue number 12 and its subsidiary issues on negligence and proximate cause, and that the court did not err in refusing requested issues numbers 9, 9a and 9b.

Appellants' pleading, after alleging that Suggs' car at the time of the collision was stopped upon the highway on the dark rainy night, blocking the highway in such manner that under the circumstances it was virtually impossible to see it in time to avoid a collision, then alleged, in effect, that they were informed that Suggs, just prior to the collision, had been and was in the process of turning his automobile on the highway from the easterly direction in which he had been traveling so as to turn around and proceed in a westerly direction. In this connection appellants. alleged that the collision was proximately caused by negligence on the part of Suggs (1) in attempting to turn said automobile around at the time and place, and (2) in failing to turn his automobile at a place where such movement could be made with safety, in violation of section 68(a) of Article 6701d. Special issue number 12 inquired whether Suggs attempted to "turn his car from the direct course in which it had been traveling" when such movement could not be made with safety. The pleadings were to the effect that Suggs was "turning around". The evidence also shows that Suggs was attempting to turn his car around on the highway at the time of the collision. Issue number 12 of the charge was obviously inquiring about the action of Suggs in turning his car upon the highway as alleged in the pleadings and as shown by the evidence. Issue number 12 was obviously an effort to submit the question of Suggs' attempting to turn his car on the highway in violation of his common law duty as well as the provisions of section 68(a) of Article 6701d. The wording of the issue substantially follows the language of that statute. It is also noted that appellants in their brief urge the provisions of Article 6701d as a basis for their contention that they were entitled to have their requested issue number 9 and its subsidiary issues submitted to the jury. No objection was made by appellants to special issue number 12. Since that issue in effect submitted to the jury the question of whether Suggs attempted to turn his car on the highway as pleaded by appellants and as shown by the evidence and no objection was made thereto, appellants were not entitled to have the same issue again submitted in slightly different form. The point is overruled.

We have carefully considered all points and find no reversible error except as above noted. For the reasons stated, the judgment granting Suggs a recovery against the Cunninghams on his cross action against them is reversed and judgment is here rendered in their favor thereon. The judgment is in all other respects affirmed.