Robert W. CHRISTIAN, Appellant,

v.

MARTIN & COMPANY et al., Appellees.

No. 3913.

Court of Civil Appeals of Texas.

Eastland.

Nov. 13, 1964.

Rehearing Denied Dec. 4, 1964.

Hill, Brown, Kronzer, Abraham, Watkins & Steely, Houston, Mays, Leonard, Moore & Dickson, Sweetwater, for appellant.

McMahon, Smart, Sprain, Wilson & Camp, Abilene, Nunn, Griggs & Beall, Sweetwater, for appellees.

COLLINGS, Justice.

Robert W. Christian brought suit against W. A. Martin, individually and doing business as Martin & Company. Plaintiff sought to recover $77,725.00 damages for personal injuries alleged to have been suffered while he was between his truck upon which some large steel pipe was located and appellees' low boy trailer upon which pipe from the truck was being placed and stacked by appellees' employees. Plaintiff alleged that defendant was guilty of negligence in the manner in which the pipe was stacked and secured on the low boy trailer, which negligence proximately caused plaintiff's injury and damages. The defendant alleged that plaintiff was guilty of contributory negligence proximately causing the accident and that plaintiff had voluntarily assumed the risk of his injury. The case was tried before a jury which found the defendant guilty of negligence proximately causing plaintiff's injuries, but also found that plaintiff was guilty of negligence in walking between the truck and trailer, that such negligence was a proximate cause of plaintiff's injury and damages, and that plaintiff had assumed the risks involved. Based upon the verdict, a take nothing judgment was entered against Christian and he has appealed.

As indicated, the jury found that appellees' employees "failed to position the pipe on the low boy trailer as close to the 2 x 4 stanchions on the south side of the trailer as would have been done by a person of

ordinary prudence in the exercise of ordinary care under the same or similar circumstances", and that such failure was a proximate cause of the accident which was the basis of this suit.

In answer to special issue number 5 the jury found that appellant Christian "was negligent in walking between the two trucks on the occasion in question under all the circumstances then existing", and in answer to special issue number 6 found that such negligence on the part of Christian in walking between the two trucks was a proximate cause of his injuries.

In appellant's first point it is contended that the court erred in refusing to disregard the affirmative finding of the jury in response to special issues numbers 5 and 6, asserting that they are not ultimate and controlling issues of fact, in that the mere walking between the two trucks on the occasion in question under all the circumstances then existing could not be determinative of contributory negligence on the part of Christian with respect to the occurrence in question. Appellant particularly urges that the holding of our Supreme Court in the case of Driver v. Worth Construction Company, 154 Tex. 66, 273 S.W.2d 603, is controlling. We cannot agree with this contention. In the Driver case the jury found that plaintiff was guilty of contributory negligence in failing to travel on a different highway which had been used by plaintiff on prior occasions. The Supreme Court pointed out that the failure of the plaintiff to use a different highway or street could not be determinative of negligence with regard to the occurrence in question at the specified street intersection there involved. In the instant case the jury found that the plaintiff was negligent "in walking between the two trucks under all the circumstances". The inquiry concerned certain alleged conduct of the plaintiff, and whether such conduct was negligence under the existing facts and circumstances. In our opinion issues numbers 5 and 6 are controlling issues, and are not the equivalent of inquiring whether a party was negligent in not staying at home or in not traveling a different thoroughfare at the time of an accident. We are also of the opinion, contrary to appellant's contention, that the action of appellant in walking "between the two trucks" as found by the jury was the equivalent of walking "between the two loads of pipe" as shown by the evidence. Appellant's first point is overruled.

In appellant's second point it is contended that the court erred in giving effect to the findings of the jury in response to special issues numbers 5 and 6, and in entering judgment adverse to appellant based in whole or in part on such findings for the reason that said special issues are general and global and constitute nothing but a general submission of specific contributory negligence issues, all of which were answered by the jury adversely to appellees. In this connection the jury did, as appellant contends, find that appellant did not fail to keep a proper lookout, that his failure to move his truck prior to the time of the accident was not negligence and that he did not fail to advise appellees' employees of his intention to walk between the two trucks. These specific findings, however, relate to alleged negligent action on the part of appellant entirely separate and apart from any negligence in walking between the trucks.

The evidence shows that at the time of the accident appellees' employees were unloading large heavy pipe from the truck of appellant and placing it on appellees' low boy trailer. About fifteen pipes were to be unloaded. The evidence also shows that one layer of pipe had already been placed on the trailer and that appellees' employees were at the time engaged in removing a piece of pipe from appellant's truck and placing it on top of the pipe already on the trailer. Christian admitted and the evidence is undisputed that he knew that appellees' employees were loading a piece of pipe on the low boy trailer at the time he entered between the two trucks.

It is also undisputed that one layer of pipe had already been placed upon the trailer and that the bottom layer was full. The finding that appellant did not have full knowledge that appellees' employees were loading a piece of pipe onto "the first layer of pipe" is immaterial in view of appellant's undisputed admission that a piece of pipe was being lowered onto the trailer where one layer of pipe had already been placed. Appellant further testified that at the time he walked between the trucks he realized that there was "danger of pipe rolling because they were working at the time." The evidence further shows that in unloading the pipe from appellant's truck and lowering it onto appellees' low boy trailer two of appellees' employees were standing on appellant's truck and one of appellees' employees was standing on the layer of pipes which was already on the trailer and was placing the pipe as it was lowered. There was ample evidence to the effect that appellant had full knowledge that a disturbance of the pipe could cause it to roll at the time he walked between the trucks when a piece of pipe was being lowered onto the trailer and on the pipe which had previously been placed thereon. The jury found that Christian did not have full knowledge that the pipe on the low boy "would" roll if disturbed at the time in question. This finding, however, is not inconsistent with the evidence and finding to the effect that the pipe "could" roll under such circumstances. In our opinion the evidence and particularly the admissions of appellant Christian relative to his knowledge of the conditions which existed at the time of the accident and his appreciation of dangers therefrom constitutes ample evidence independent of any findings against appellee supporting the finding of the jury that appellant was guilty of negligence in walking between the two trucks on the occasion in question under all the circumstances then existing, and that such negligence was a proximate cause of appellant's injuries. Contrary to appellant's contention the jury did not specifically exonerate appellant of all specific acts of negligence alleged and raised by the evidence. Therefore, the rule announced in Triangle Cab Company v. Allen C. Taylor, 144 Tex. 568, 192 S.W.2d 143, in Holly v. Bluebonnet Express Company, Tex.Civ.App., 275 S.W.2d 737, and other cases relied upon by appellant are not applicable. Appellant's second and fourth points are overruled.

The disposition of the points concerning contributory negligence requires an affirmance of the judgment and it is therefore unnecessary to discuss the remaining points bearing volenti non fit injuria.

The judgment is affirmed.