**Vena Mae Horns HOWARD et al.,
Appellants,**

v.

**Horace F. HERRING et al., Appellees.**

No. 6888.

Court of Civil Appeals of Texas.

Amarillo.

May 4, 1959.

Brown & Brown, Garland, for appellants.

Strasburger, Price, Kelton, Miller & Martin, Dallas, for appellees.

NORTHCUTT, Justice.

This is a damage suit for the wrongful death of John W. Horns, deceased. Vena Mae Horns Howard, surviving wife of John W. Horns, deceased, brought this suit in her own behalf and as next friend for Alice Mae Horns and Doris Nell Horns, the only surviving children of the said John W. Horns, deceased, against Horace F. Herring, doing business as Herring Auto Company and Milton Charles Jensen, a minor, jointly and severally, for damages growing out of the wrongful death of John W. Horns, deceased. Vena Mae Horns remarried after the death of her husband, John W. Horns, and the present husband of Vena Mae Horns Howard has been made a party pro forma to this action. The surviving widow and children claimed that the defendant, Herring, was guilty of negligently entrusting an automobile to the defendant, Jensen, who in turn was guilty of negligence in running off of a roadway and running over and killing the deceased, John W. Horns. A trial upon the merits, before a jury, upon special issues, resulted in a verdict for the defendants and each of them. A motion for a new trial was overruled and on the same date the plaintiffs in the trial court gave notice of appeal and from that order and judgment the appellants perfected this appeal.

By appellants' first point of error it is contended the jury was guilty of misconduct in discussing and considering social security. The appellants introduced the evidence of two of the members of the jury, both of whom testified social security was not discussed until the jury got to the last two questions involving money. We do not believe the appellants could complain about the jury discussing social security when appellants introduced evidence concerning social security. All the proof introduced as to the misconduct of the jury was from two lady jurors and their testimony was that they had answered all of the questions except the last two before social security was mentioned. By their admissions, they had already found such matters that would preclude the appellants from recovering any damages. Even, should we believe there was misconduct in considering social security at the time the two jurors stated—the same would be harmless because they had, under this

**268**

record, already held John W. Horns was guilty of contributory negligence and the same was a proximate cause of the injury. Triangle Cab Co. v. Taylor, 144 Tex. 568, 192 S.W.2d 143, by the Supreme Court; Southern Pine Lumber Co. v. Andrade, 132 Tex. 372, 124 S.W.2d 334, by the Supreme Court.

By appellants' points of error two and three, it is contended the court erred in refusing to set aside the verdict of the jury because there was no evidence to support the jury's findings and the verdict was contrary to such preponderance of the evidence as to be clearly wrong, and showed passion, prejudice and improper motive on the part of the jury. The plaintiffs, being the appellants here, did not file any objections to the court's charge and the evidence is undisputed as to at least one question asked by the court where the jury found the deceased was wrongfully walking on the road, and that such was a proximate cause of the accident. As to the deceased's failure to keep a proper lookout, the testimony was that the boy driving the car sounded the horn on the automobile but the deceased did not look around, but the man with the deceased did look around in response to the horn and got out of the way. When the Jensen boy saw the deceased was not going to get off of the road he hit the brakes hard and the car skidded and struck the deceased. We deem the evidence sufficient to sustain the findings of the jury and is not contrary to such preponderance of the evidence as to be clearly wrong, and we do not think such as to show any passion, prejudice or improper motive upon the part of the jury. We are of the opinion, under this record, the trial court should have sustained the motion for an instructed verdict filed by Herring. There is no evidence that Horace F. Herring ever gave Milton Charles Jensen permission to drive the car in question. Neither is there any testimony to show that any representative, agent or employee of Horace F. Herring ever gave Jensen permission to drive the car. All the

evidence there was in any manner to contend that Milton Charles Jensen had permission to drive the car in question was where Jensen testified that some man there on the lot asked him if he wanted to drive the De Soto automobile, but he did not know who the man was. But no one gave him any permission or authority to drive the Buick car that he was driving when the accident occurred. After driving the De Soto automobile he got into the Buick automobile but the man in the office, Mr. Garrison, was answering the phone when the Jensen boy drove away in the Buick automobile. Under this record, we are unable to see in what manner Mr. Herring could have been in any way held responsible for the death of Mr. Horns. Appellants' points of error are overruled.

Judgment of the trial court is affirmed.