Raymond B. **SWEENEY**, Appellant,

v.

**UNITED CORE, INC.**, Appellee.

No. 13972.

Court of Civil Appeals of Texas.

Houston.

June 28, 1962.

Rehearing Denied July 12, 1962.

Ted Musick, Houston, for appellant.

The Kempers, Houston, attorneys, W. L. Kemper, Houston, of counsel, for appellee.

COLEMAN, Justice.

This is an appeal from a summary judgment for defendant in a suit for personal injuries arising out of an automobile collision.

Appellant alleged in his third original petition that he was injured in a collision with an automobile owned by the appellee; that the collision was caused by certain acts of negligence of the driver of appellee's car; that the driver was in the course and scope of his employment at the time of the collision; that appellee was negligent in entrusting the car to the driver; and that serious injuries were received by appellant resulting in damage.

Defendant filed a motion for summary judgment, alleging that none of the acts of negligence pled by plaintiff were committed by him either within the scope of any employment or general authority as an agent or servant of defendant, or in furtherance of its business or for the accomplishment of any object for which he was employed. It was further alleged that on the occasion of the collision in question the driver of defendant's automobile had taken it without the knowledge or consent of defendant, and that defendant had not entrusted the automobile to the driver for any purpose. Affidavits attached to the motion set out facts fully supporting these allegations.

Raymond B. Sweeney, the plaintiff, filed a sworn answer to the motion which stated that plaintiff "respectfully shows the Court that course and scope of employment of Robert Zorn in his work for United Core, Inc. has been plead in this case, and that there is enough of a fact situation to submit to the jury, * * * Negligent entrustment by United Core, Inc. to Robert Zorn has also been plead in this case, and the following facts were set out in Plaintiff's Third Amended Original Petition: * * *." There followed a quotation of the allegations of fact set out in plaintiff's petition concerned with the alleged negligent entrustment. The answer was sworn to by the plaintiff.

Appellant's sworn answer to the motion for summary judgment recited no facts refuting those set up in appellee's affidavits. "The motion for summary judgment will not be denied merely because the opposite party has alleged matters which, if proved, would require that a different judgment be rendered." Kuper v. Schmidt, 161 Tex. 189, 338 S.W.2d 948.

"In an action on a motion for summary judgment, where the motion is supported by affidavits, depositions and other extrinsic evidence sufficient on their face to establish facts which, if proven at the trial, would entitle the movant to an instructed verdict, the opponent must show opposing evidentiary data which will raise an issue as to a material fact, or must justify his inability to do so and seek appropriate protection." Allen v. Western Alliance Insurance Company, Tex., 349 S.W.2d 590.

Here appellant has shown no opposing evidentiary data. In effect he has merely on oath stated that certain matters were pled in his petition. Appellant's answer is insufficient to raise issues of fact.

Appellee has shown by affidavits that Zorn's use of the automobile on the occasion of the collision was unauthorized. Zorn had not been entrusted with the vehicle. His use of the vehicle at the time of the collision was a personal one not incident to or in any manner in furtherance of the business of his employer. If these facts had been proven at a trial on the merits, defendant would have been entitled to an instructed verdict. Vaughn v. Watkins, Tex.Civ.App., 344 S.W.2d 902, error ref., n.r.e.; Parker and Parker Construction Company v. Morris, Tex.Civ.App., 346 S.W.2d 922, error ref., n.r.e.; Howard v. Herring, Tex.Civ.App., 324 S.W.2d 266; Railway Express Agency v. Knebel, Tex. Civ.App., 226 S.W.2d 922; Rigsby v. Pitner, Tex.Civ.App., 334 S.W.2d 837, error ref., n.r.e.; Chatwell v. Baker Oil Tools,

Tex.Civ.App., 344 S.W.2d 700; Cox v. Hedges, Tex.Civ.App., 344 S.W.2d 919, error ref., n.r.e.

The judgment of the trial court is affirmed.