Ontoniel GARZA, et al., Appellant,

v.

Jerry WIRSING, Appellee.

No. 18287.

Court of Civil Appeals of Texas, Fort Worth.

July 24, 1980.

Myles H. Pennington, Grand Prairie, for appellants.

Fillmore & Camp, and Richard L. Scheer, Fort Worth, for appellee.

OPINION

MASSEY, Chief Justice.

This appeal is from a summary judgment rendered in favor of defendant Jerry Wirsing.

The case arose out of an intersectional automobile collision. Plaintiffs Ontoniel Garza, et al., sued two defendants: the driver, Earl Alvin Fields, and the owner, Jerry Wirsing, of the other car involved. Plaintiffs sought damages for the wrongful death of one passenger, property damage to the car, and for personal injuries sustained by the driver and other passengers. Defendant–owner, Jerry Wirsing, moved for summary judgment. Said motion was granted, all claims against him were severed from those against the remaining defendant–driver, and judgment rendered. Plaintiffs appealed.

We affirm.

Wirsing's motion for summary judgment was accompanied by supporting affidavits. Tex. R. Civ. P. 166–A, "Summary Judgment". One was made on Wirsing's personal knowledge, asserting that he had never consented to the operation of his car by Fields. The other affidavit was made by his daughter, Jeryl Wirsing Fields (now the wife of defendant–driver Fields). She stated that she had borrowed the car from her father and that he had clearly forbidden her to permit anyone else to drive. No controverting affidavits were filed by Garza, et al., nor was any information presented showing why such affidavits could not be filed.

Under Tex. R. Civ. P. 166–A(c) a motion for summary judgment shall be granted:

"[F]orthwith if the pleadings, depositions, answers to interrogatories, admissions and affidavits, if any, on file at the time of the hearing, or filed thereafter and before judgment with permission of the court, show that, . . . there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law on the issues as expressly set out in the motion or in an answer or any other response."

By his summary judgment evidence, defendant Wirsing established that he had not entrusted his car to Fields. This was corroborated by his daughter's affidavit to the same effect. The evidence is clear, positive and direct. It is otherwise credible and free from contradictions and inconsistencies. If Wirsing had proved these facts at a trial on the merits, he would have been entitled to an instructed verdict, *Sweeney v. United Core, Inc.*, 359 S.W.2d 126 (Tex. Civ.App.–Houston 1962, writ dism'd). In other words, absent controverting evidence, Wirsing established the absence of any entrustment (negligent or not) to Fields.

There is, of course, a question of justification of inability to obtain controverting evidence so as to allow plaintiffs to place in issue the credibility of the affidavits by Wirsing and his daughter. Once Wirsing's motion for summary judgment and supporting affidavits were filed, Garza, et al., had the burden of coming forward with controverting evidence. As stated in 4 McDonald, Texas Civil Practice "Judgments", sec. 17.-26.8(iv) "(Summary Judgment–Necessity)", p. 156 (1971 Rev.):

"When a motion is supported by affidavits or other extrinsic evidence sufficient on its face to establish facts which, if proven at the trial, would entitle the movant to an instructed verdict, the opponent must show opposing evidentiary data which will raise an issue as to a material fact, or must justify his inability to do so and seek appropriate protection in accord with the procedures discussed in sec. 17.26.10." [Procedures authorized by Rule 166–A(f)].

No controverting affidavits were filed, nor was there any presentation of reasons why such affidavits could not be filed. In short, no attempt was made to secure the protection of the provisions of Tex. R. Civ. P. 166–A (under its section (f)). See 4 McDonald, Texas Civil Practice "Judgments", sec. 17.26.10 "(Summary Judgment–Protection When Affidavits Unavailable)", p. 163 (1971 Rev.). As a result Garza, et al., waived the right to prevent rendition of the summary judgment.

Garza, et al., argue that the interrogatories answered by Fields raise a fact issue on negligent entrustment by Wirsing. We hold Fields' answers to interrogatories cannot be used against Wirsing. Tex. R. Civ. P. 168, "Interrogatories to Parties", provides: "Interrogatories may relate to any matters which can be inquired into under Rule 186a, *but the answers, subject to any objections as to admissibility, may be used only against the party answering the interrogatories.*" (Emphasis added.)

Even were the Fields' admissions possible to be used in the Garza suit against Wirsing, we find nothing therein that would benefit plaintiffs case.

Judgment affirmed.