## SCHNEIDER v. DELAVAN et al.

### No. 10207.

Court of Civil Appeals of Texas.
San Antonio.

Dec. 22, 1937.

Rehearing Granted May 11, 1938.

Further Rehearing Denied June 22, 1938.

Alvin P. Mueller, of Seguin, for appellant.

Lewright, Lewright & Young, of San Antonio, for appellees.

SMITH, Chief Justice.

Paul Schneider, en route at night, in his car, from Seguin to San Antonio, pulled over to his right and parked his car partly on the paved lane of the highway, to adjust his car lights, which had gotten out of order.

Aubrey Delavan, a fifteen-year-old boy, driving his car along the same way at a speed found by the jury to have been in excess of forty-five miles per hour, ran his car into the rear end of Schneider's car and careened around against Schneider, who at the moment of the impact was standing alongside his own car, with one foot on one of its running boards. As a

result Schneider's leg was broken and he was otherwise injured. Delavan was slightly injured. Both cars were more or less wrecked.

Schneider sued Delavan for damages occasioned by his personal injuries, and Delavan, reconvening, sued Schneider for damages to himself and his car. The case was tried to a jury, upon whose findings the trial judge rendered judgment denying recovery to either party. Schneider has appealed. The jury found damages to Schneider in the sum of $1,250, and to Delavan in the sum of $75. Each party recovered of his adversary the costs incurred in his behalf.

Twenty-nine special issues were submitted to the jury, who answered all those not conditional upon previous answers. The jury findings are, some of them, inconsistent and in conflict. At least one of them is a complete non sequitur. Among those findings were these:

■ 1. That just before the collision Delavan was operating his car at a rate of speed in excess of forty-five miles per hour. They then found that this was not negligence, although it was so as a matter of law.

2. That Delavan failed to keep a proper lookout, and that such failure was a proximate cause of Schneider's injuries.

3. That Delavan failed to have his car under proper control, and such failure was a proximate cause of Schneider's injuries.

4. That Delavan discovered Schneider's perilous position in time to have avoided the collision with the use of the means at his hand, but that Delavan *did* use such means! These findings make a complete non sequitur, since the collision did in fact occur.

The foregoing findings relate to the case made against Delavan. On the other hand, the jury found as follows upon the case made against Schneider:

1. That Schneider negligently caused or permitted his car to be parked on the highway without lights, which *was* a proximate cause of Delavan's injuries.

2. That Schneider negligently caused or permitted his car to be "partly parked on the paved portion" of the highway, which was not a proximate cause of Delavan's injuries.

3. That Schneider negligently caused or permitted his car to be parked on the usually traveled portion of the highway, which was *not* a proximate cause of Delavan's injuries.

4. That Schneider negligently failed to keep a proper lookout, which was a proximate cause of "the collision" and injury to Delavan.

5. That Schneider's failure to warn oncoming vehicles was not negligence.

The jury found that the collision was not an unavoidable accident.

Excluding the neutral findings, the jury found that Schneider's injuries were proximately caused by Delavan's negligent failure to keep a proper lookout, and to keep his car under proper control. These findings, in the absence of findings that Schneider's injuries were caused or contributed to by his own negligence, warranted judgment against Delavan for the amount of damages suffered by Schneider. This is obvious.

On the other hand, by the same test, the jury found that the "collision and any injuries" to Delavan were proximately caused by Schneider's failure to keep a proper lookout.

■ The issue of contributory negligence was not submitted, nor was its submission requested by either party. Appellee contends that the finding that Schneider's negligent failure to keep a proper lookout proximately caused "the collision and any injuries" to Delavan established an effectual implication that negligence was the proximate cause of Schneider's own injuries. We cannot agree to that contention. Presumptions or inferences will not be indulged in order to convict a person of contributory negligence; it will always be presumed, rather, that a person will exercise reasonable care and caution to avoid or prevent injury to himself, and that presumption will prevail until overcome by findings in a jury trial, unless the evidence is so conclusive and overwhelming as to show the contrary as a matter of law. Merritt v. Refining Co., Tex.Civ.App., 103 S.W.2d 415. Certainly, the record here is not such as to shake that presumption, and appellee does not contend it is. The left-handed finding that Schneider's negligence proximately caused the collision and Delavan's injuries cannot be given effect as a finding that Schneider was guilty, as a matter of law, of contributory negligence resulting in his own injuries, which the jury found were proximately caused by Delavan's negligence. Certainly this is so in

view of the further finding that Delavan discovered Schneider's perilous position in time to have avoided the collision and Schneider's resulting injuries, notwithstanding the further finding that Delavan did not fail to use those means, which finding was directly contrary to the conceded and obvious physical fact of the collision, and to other findings by the jury, as well.

Appellee insists that the burden was upon Schneider to elicit a direct finding upon the issue of his own contributory negligence, and that by his failure to meet that burden the trial court could, and did, assume Schneider's guilt, as upon a subsidiary issue, and was thereby authorized to, and did, render judgment against him. There is no merit in that contention. That burden rested, as a matter of course, upon appellee, and by failing to meet that burden, he waived any benefit that might have inured to him by a finding against his adversary upon the issue of the latter's contributory negligence.

We would be less justified in giving effect to the claimed implication that Schneider's negligence proximately caused his own injuries, than in giving effect to the patent implication that Schneider's injuries were caused by Delavan running into him after discovering his peril, when, according to the jury finding, he had the means at hand to avoid the accident.

We are of the opinion that the jury findings were too conflicting, incongruous, conjectural, and destructive of each other, to support judgment for or against either party, and that the trial court erred in not setting it aside and ordering a new trial. Barnes Bros. v. International & G. N. R. Co., Tex.Com.App., 1 S.W.2d 273; Stiles v. Union Terminal Co., Tex.Civ.App., 1 S. W.2d 947, writ refused; Austin v. McShane, Tex.Civ.App., 289 S.W. 705.

The judgment will be reversed and the cause remanded for a new trial, at the joint cost of both parties.

### On Motion for Rehearing.

SLATTON, Justice.

It is the opinion of the majority of the Court upon motion for rehearing that the judgment entered by the trial court, and heretofore reversed by this Court, should be affirmed.

The facts, as disclosed by the original opinion, show that the accident in question was caused by the collision of the automobiles operated by the appellant and appellee.

Appellant, Schneider, through his appeal to this Court, seeks a judgment for the sum of $1,250 (the amount of damages as found by the jury in his favor) less the sum of $75 (the amount of damages found by the jury in favor of Delavan). As disclosed by the opinion of Mr. Chief Justice SMITH, the judgment of the trial court was reversed and the cause remanded because of the conflict in the findings of the jury.

We are of the opinion that the pleadings of appellant, Schneider, as well as the proof shown in the record, do not present a case under the doctrine of discovered peril, therefore, the findings of the jury upon that theory may be disregarded as immaterial. Brokaw v. Collett, Tex.Com. App., 1 S.W.2d 1090. In that case it is said (page 1092):

"Immaterial issues answered by the jury may properly be disregarded by the court as surplusage, and not considered by the court in rendering judgment."

The jury found that Delavan was negligent and that such negligence was the proximate cause of the collision and Schneider's injuries. Likewise, the jury found that Schneider was negligent and that such negligence proximately caused the collision and the injuries to Delavan. Under the facts as disclosed by the record, the injuries sustained by appellant and appellee were proximately caused by the collision. Certainly reasonable minds cannot differ that whatever injuries the actors received as a result of the accident were caused by the collision.

It is the duty of the Court to harmonize the findings of a jury, and if such findings may be reconciled so as not to defeat each other, to render judgment thereon. First National Bank v. Rush, Tex.Com.App., 246 S.W. 349. Mere inconsistencies of jury findings is not enough to render such findings in conflict with each other. It is elementary that where the negligent acts of two parties proximately cause injury to them, that neither may recover for his damages. The jury in the present case convicted each of the parties of negligence and found that such negligence proximately caused the collision. It is our opinion that upon such findings the trial court correctly entered a judgment that neither of such parties recover any damages.

Accordingly, the motion for rehearing filed by the appellee will be granted, the judgment heretofore entered reversing and remanding the case will be set aside, and the judgment of the trial court will be affirmed, at the cost in this Court of the appellant.

SMITH, Chief Justice (dissenting).

I regret my inability to concur in the judgment of the majority, on rehearing, affirming the judgment rendered below on the jury findings. I must adhere to the conclusions stated in the original opinion, ordering reversal, and upon those conclusions respectfully dissent from the order of affirmance.

I am unable to escape the conviction that it would amount to a travesty on justice to base a judgment upon jury findings which are so antagonistic, irrational and self-destructive as those upon which rest the judgment appealed from in this case.