## BRIGGS et al. v. HENDRICKS et al.

### No. 11809.

Court of Civil Appeals of Texas. Galveston.

Nov. 14, 1946.

S. P. Wunsch, of Houston, for appellants.

J. Dixie Smith and Peter S. Solito, both of Houston, for appellees.

CODY, Justice.

This is an appeal from a final judgment refusing appellants an injunction to restrain appellee, Dr. Harry H. Henricks, from engaging in the practice of medicine in his home, which is located in the Houston Country Club Place Addition to the City of Houston; such practice of medicine was alleged to be a violation of the restrictions subject to which appellee, Dr. Hendricks, and his wife purchased their home. The price paid by them for their said home was $8,500. Mrs. Hendricks was a party below, and is a party to this appeal, but it is unnecessary to refer to her hereafter as such; so Dr. Hendricks will hereafter be referred to as though he were the sole appellee.

Appellants and appellee are lot owners in the aforesaid addition, and their lots—as well as all other lots in the addition—were purchased subject to the same restrictions. Appellants' petition is one in common form alleging a violation of the restrictions which restrict lots in an additions, which is located in a city, to use for residential purposes only. The viola-

tion alleged against appellee was to the effect that he used his residence to engage in the practice of medicine; that he received his patients there; that he had no other office for the practice of medicine, and that he displayed a large sign attached to his home, on which his name, together with the fact that he specialized in the treatment of rectal diseases, were shown.

Appellee pled various special exceptions (which are not shown to have been called to the court's attention), together with a general denial.

The court, trying the case without a jury, rendered judgment refusing the injunction prayed for, from which judgment this appeal is prosecuted. No conclusions of fact or law were requested, and none were filed.

Appellants predicate their appeal upon four points, which are in substance as follows:

(1) That the relevant restrictions provide for a Business Center in which but one physician's office was permitted to be maintained, and that appellee is not conducting his practice of medicine in said Business Center, but in his residence in violation of the covenants restricting the lot in question to residential use only.

(2) That the purchase of appellee's residence, subject to the restrictions in question, constituted a binding acceptance of said restrictions by appellee, and appellants are entitled to enforce said restrictions by injunction without being required to show pecuniary damages.

(3) That the evidence failed to show any other violations of these restrictions acquiesced in by appellants for such length of time as to estop them from enforcing a stop to the violation here complained of.

(4) That the covenant restricting appellee's lot to residential use was shown by the undisputed evidence to have been violated in the respect alleged. And the provision in said covenant that all lots, other than such as are located in the Business Center, are for residential use only is further clarified by this provision: "No structure shall be erected, altered, placed or permitted to remain on any residential building plot other than one detached, one family dwelling * * * and other outbuildings incidental to the residential use only of the plot."

The evidence showed that the lots in the addition were sold subject to the restrictions referred to in the deed conveying the lot in question to appellee's wife; that said restrictions provided, among other things, for a Business Center, and provided that only one physician's office should be maintained in the Business Center. Specifically the restrictions showed:

"A. All lots in the tract shall be known and described as residential lots except that portion designated on the plat as a business center. * * * No structure shall be erected, altered, placed or permitted to remain. on any residential building plot other than one detached, one family dwelling, * * * and a private garage with servant's quarters, and other outbuildings incidental to the residential use only of the plot. * * *"

"E. No noxious or other offensive trade or activity shall be carried on upon any lot nor shall anything be done thereon which may be or become an annoyance or nuisance to the neighborhood."

The evidence further showed that appellee accepted only cases of rectal diseases, and that he conducted his practice from his home, and received patients there, where he had one room devoted to his practice, and that he had no office elsewhere.

Restrictions of the character here dealt with are enforceable, and in the case of violation or threatened violation, in a proper case, any lot owner has such an equity as will entitle him to an injunction, is seasonably sought, to restrain such violation or threatened violation.

But the primary question here is whether the practice of medicine by a physician in, or from his home, constitutes a violation of the restriction against using same for other than residential use. At the time appellee purchased the lot he inquired of the president of the corporation-owner of the addition whether the restric-

tions imposed on the lots would prevent him from receiving and treating patients there. Such president replied that he did not think so. Since said corporation was not a plaintiff, and did not contend that appellee by the practice of medicine was guilty of a violation of the covenant to use the lot for residential purposes, such evidence was probably not relevant to any issue in the case. Indeed, the legal effect of the restrictions was a question of law; and the effect of such restrictions is well settled. "Restrictive clauses in instruments concerning real estate must be construed strictly, favoring the grantee and against the grantor, and all doubt should be resolved in favor of the free and unrestricted use of the premises.

"* * * it is contrary to the well-recognized business policy of the country to tie up real estate where the fee is conveyed with restrictions and prohibitions as to its use; and, hence, in the construction of deeds containing restrictions and prohibitions as to the use of the property by a grantee, all doubts should, as a general rule, be resolved in favor of a free use of property and against restrictions." Baker v. Henderson, 137 Tex. 266, 153 S.W.2d 465, 470.

■ Courts judicially know that the purpose of restricting lots in additions to cities to residential use, is to establish an area free from commercial activity, and thereby enhance the value of such lots as residential property. The word "residential" as used in a convenant restricting the use of property, is used in contradistinction to "business" or "commerce." A building used as a place of abode, and in which no business is carried on, is devoted to a "residential use" so long as such use continues. See Hunt v. Held, 90 Ohio St. 280, 107 N.E. 765, 766, L.R.A.1915D, 543, Ann. Cas.1916C, 1051.

The building on the lot here in question was a place of abode, and appellee and his wife resided there. Appellee was an elderly man, and from the evidence an inference could be drawn that he was semi-retired. His practice was relatively light. He accepted only cases of rectal diseases, and such as came to his place of residence. These averaged, we believe, about one patient a day. A room was set aside in his residence for receiving and treating patients. It is not pretended that treatment by appellee caused his patients to cry out.

■ The practice of medicine is, of course, a means of livelihood. But in its ordinary sense it is not a trade, and is not a business, or commercial, or offensive activity when ethically conducted. It is a learned calling, and lacks the bustle and noise associated with a commercial activity. It would probably be impossible for a physician to practice his profession, and never use his home as a place to receive calls for his services, or patients. In the instant case, as appears above, the doctor maintained a room in his house to receive and treat patients, and did not maintain an office elsewhere. The restrictions here in question were reasonably susceptible to the construction that the limitation of the lot to residential use was not intended to prevent a physician residing thereon from there practicing his profession in and from his home. And if the restrictions are reasonably subject to the construction which permits such use, then, we have seen, they must be so construed.

No Texas case has been cited holding that covenants restricting a lot to residential use is violated by a physician who resides on such lots practicing medicine in his home. Neither has a case of facts which are the legal equivalent of those presented here been cited, holding that such activity is a violation of such a covenant, though appellants cite as being such legal equivalent a Missouri case, Semple v. Schwarz, 130 Mo.App. 65, 109 S.W. 633. In our opinion the mere fact that a physician practices medicine in his home is not sufficient to show a violation of a covenant to use same only for residential use. See Smith v. Graham, 217 N.Y. 655, 112 N.E. 1076. Appellants' points are overruled.

The judgment should be affirmed, and it is so ordered.

Affirmed.