**J. R. WILKINSON et al., Appellants,**

**v.**

**SOUTHERN FARM SUPPLY ASSOCIA-
TION et al., Appellees.**

**No. 7651.**

Court of Civil Appeals of Texas.

Amarillo.

Oct. 24, 1966.

Rehearing Denied Dec. 12, 1966.

**436**

Nelson, McCleskey & Harriger, Lubbock, Don Graf, Lubbock, of counsel, for appellants.

Crenshaw, Dupree & Milam, Lubbock, J. Orville Smith, Lubbock, of counsel, for appellees.

NORTHCUTT, Justice.

On July 28, 1964, at about 10:00 o'clock p. m. Dick Wilkinson, a thirteen-year old boy, was injured in a collision between a propane truck and a Volkswagen stationwagon in which Dick was riding as a passenger. J. R. Wilkinson and Betty Wilkinson, parents of Dick Wilkinson, brought the suit against Southern Farm Supply Association, the owner of the propane truck and Sylvester Witt, the driver of the truck, to recover damages, individually and on Dick's behalf. The parties will be referred to hereafter as they were in the trial court.

It was plaintiffs' contention the defendants were negligent in leaving the butane truck stopped, parked or standing upon the paved or main traveled part of the highway contrary to the statutes of the State of Texas, Vernon's Ann.Civ.St. Article 6701d, Section 93(a); in leaving the truck stopped, parked or standing upon the paved or main portion of the highway when a reasonable, prudent man would not have done so under the same or similar circumstances; in failing to drive the truck off of the highway onto the shoulder of the road; in failing to place out flares to the rear of the truck; in failing to keep a proper lookout for approaching traffic; in failing to have the lights on the truck on and properly working; in failing to give proper warnings to approaching traffic and that each and all of the acts of negligence were a proximate cause of the collision and injuries.

The defendants answered setting out several acts of negligence of Harry Kumlin, driver of the stationwagon, and that such acts and each of them was the sole proximate cause of the collision and damages resulting therefrom. Defendants further pleaded that the collision was wholly unavoidable and that the same was caused by a new dependent and intervening cause, to-wit: the rain and smoke present on the occasion in question. The defendants also answered pleading that the defendant, Sylvester Witt, was confronted with a sudden emergency which arose suddenly and unexpectedly and which was not caused or brought about by any act or remission on the part of said defendant so that said defendant under the circumstances and conditions which suddenly confronted him acted as an ordinary prudent person would have acted under the same or similar circumstances in the face of such sudden emergency.

The case was submitted to a jury upon special issues. The jury found it was not negligence to stop the truck at its location on the highway just prior to the collision in question; that Sylvester Witt failed to keep a proper lookout for traffic approaching from the west just prior to the collision in question; but such failure was not a proximate cause of the collision; that Witt's failure to put out a flare to the rear of the truck prior to the collision was negligence but was not a proximate cause of the collision; that Witt was not negligent in failing to warn traffic approaching from the west by the use of his flashlight; that Witt did not fail to have each of the lights on the rear of the truck properly visible to

traffic approaching from the west; that Sylvester Witt at the time of the collision was acting in an emergency and that after such emergency arose Witt acted as a reasonable prudent person would have acted under the same or similar circumstances; that Harry Kumlin failed to keep a proper lookout under the circumstances and conditions existing on the occasion in question but that such failure was not the sole proximate cause; that the failure of Harry Kumlin to turn to the left before the collision was not the sole proximate cause of the collision in question; that before the collision Harry Kumlin failed to make a timely application of his brakes but that such failure was not the sole proximate cause of the collision; that the collision was not an unavoidable accident. The remaining issues and answers were as to the amount of damages.

The trial court entered judgment that plaintiffs take nothing. Plaintiffs filed a motion for a new trial and an amended motion for a new trial and presented evidence at the hearing on the motion for new trial as to the misconduct of the jury. The trial court overruled the motion for a new trial and from that order and judgment plaintiffs perfected this appeal.

Plaintiffs contend by their first point of error that the court erred in failing to submit to the jury the requested Special Issues 2 and 3. Issue 2 asked if it was negligence to leave the truck standing at its location on the highway just prior to the collision in question and Issue 3 was whether such negligence was a proximate cause of the collision in question. The place where the accident happened was a four-lane highway— two lanes for traffic going east and two lanes for traffic going west. The propane truck was proceeding in an easterly direction and the car that was on fire had been going west before it caught fire and had stopped across the highway to the northwest from where the accident happened.

Just prior to the accident Sylvester Witt was driving to the east in a truck loaded with propane gas, the total weight of the rig being about 56,000 pounds. When he saw smoke ahead of him on the highway he slowed down and saw two men running from a burning car on the highway waving for him to stop. When he was alongside of the men they asked for his fire extinguisher. Witt pulled on past the burning car about 100 to 150 feet; stopped at the extreme edge of the south lane of pavement. Witt testified he flipped on his emergency lights which flashed red to the rear and amber to the front and went to the portion of the truck where the fire extinguisher was kept, removed it and handed it to the men who flagged him, took his flashlight and started towards the burning car when a Volkswagen bus also traveling east ran into the rear of the truck. He testified the elapsed time from when he stopped the truck until the collision was about 1½ minutes or less. There was other testimony about the lights being on over the truck and others said they did not see any lights on the rear of the truck.

The first issue submitted by the court to the jury asked, "Do you find from a preponderance of the evidence that it was negligence to stop the propane truck at its location on the highway just prior to the collision in question?" The jury answered the issue, "No." Rule 279, Texas Rules of Civil Procedure, provides:

"Where the court has fairly submitted the controlling issues raised by such pleading and evidence, the case shall not be reversed because of the failure to submit other and various phases or different shades of the same issue."

■ We believe under the facts of this case the real issue involved was whether the driver of the truck was guilty of negligence in stopping on the highway. In other words, if he was going to let the men have his fire extinguisher should he have driven off the pavement before stopping under the conditions then existing. If the driver was

guilty in leaving the truck standing it was because of his stopping under the circumstances. We are of the opinion, and so hold, under Rule 279 and the holdings of the Supreme Court in the cases of Blaugrund v. Gish, 142 Tex. 379, 179 S.W.2d 266; Triangle Cab Co. v. Taylor, 144 Tex. 568, 192 S.W.2d 143; Northeast Texas Motor Lines v. Hodges, 138 Tex. 280, 158 S.W.2d 487, that the trial court submitted the real issue involved and was not required to submit the issues requested by the plaintiffs. Plaintiffs' first point of error is overruled.

■■ Plaintiffs present their points of error two through nine, both inclusive, under one argument. Since all of these points concern the answers of the jury to Special Issues 11, 12, 20, 21, 22 and 23, we will repeat the findings of the jury to those issues. In answer to Issue 11 the jury found Witt was acting in an emergency and as to 12 that he acted as a reasonable and prudent person would have acted under the same or similar circumstances. Issues 20, 21, 22 and 23 ask as to different phases of damage. Each of the issues as to damages ended as follows: "Proximately caused by the negligence, if any, of the defendant." It is contended that when the court inquired of the jury what sum of money would fairly and reasonably compensate the plaintiffs for certain injuries, if any, proximately caused by the negligence, if any, of the defendant and the jury answered a certain amount that that would entitle plaintiff to recover damages for injuries proximately caused by the negligence of the defendants. In other words, such finding established that the defendant was negligent and such negligence was a proximate cause of the injuries regardless of the finding in answer to special issues that the defendant was not negligent. Then further contended if they were wrong in that contention then the answers to Issues 11 and 12 and the answers to Issues 21, 22 and 23 were in conflict, further contending as to Issues 11 and 12 that there was no evidence to support the submission of those issues to the jury; that

the situation confronting Witt was not a sudden discovered situation; that the situation confronting Witt did not require action on his part and that the situation confronting Witt did not present any danger to Witt or to the vehicle he was driving, nor was the situation one in which Witt experienced any apprehension of any peril to himself. It is undisputed in this record that Witt did not stop the propane truck until two men came running to him wanting a fire extinguisher. It had been raining off and on all day and the bar ditch of the highway was muddy and it was raining lightly at the time. Witt did not know whether or not any one was in the burning car. As soon as he could get the fire extinguisher the men grabbed the extinguisher and started running back to the car and Witt turned and started following them across the highway and was across the center stripe close enough that the flashlight was shining on the hood of the burning car when the accident happened. Article 6701d, Section 93(a) V.A.T.S. provides that no person shall stop upon the paved or main traveled part of the highway when it is *practical* (Emphasis ours) to stop off such part of the highway. Witt was afraid to park off the highway because of the wet condition, as he was afraid he would get stuck in the mud. The jury found that Witt acted in an emergency and acted as a reasonable and prudent person would have done under the same or similar circumstances. The jury found in answer to all of the special issues as to the negligence pleaded and presented to the jury that Witt was not negligent or that such negligence was not a proximate cause of the damage. The answers as to the damages as here submitted were general but the answers to the special issues as to the negligence of Witt and a proximate cause were definite and specific and the trial court had the power to apply that reasonable construction which he deemed proper and it was his duty to harmonize the findings of the jury. Howard v. Howard, Tex.Civ.App., 102 S.W.2d 473; Schneider v. Delavan, Tex.Civ.App., 118 S.W.2d 823 (writ dism.)

We think it has been definitely determined in this state that specific findings of the jury control over general or ambiguous findings. Barclay v. C. C. Pitts Sand & Gravel Company, Tex., 387 S.W.2d 644; First Nat. Bank of McGregor v. Collins, 266 S.W.2d 506 (N.R.E.); Vouras v. 3523 Turtle Creek, Inc., 369 S.W.2d 819 (N.R.E.) and the cases there cited. We overrule plaintiffs' points of error two through nine, both inclusive.

Plaintiffs' points of error 10, 11, 12 and 13 contend the court erred in holding there was such misconduct of the jury as to cause a reversal of the case. The real issue as to misconduct seemed to be based upon the statement being made as to whether it was legal to park on the pavement in a state of emergency. Mr. Kelly, a policeman, was foreman of the jury. When the jury was considering whether or not Mr. Witt was negligent in stopping on the pavement a discussion was had as to whether or not it was legal or lawful for him to stop there. There were three of the jurymen that testified Mr. Kelly stated it was legal to block the highway in a case of an emergency. All of the issues holding Witt was not negligent and was acting under an emergency and acted as a reasonable prudent person would have acted under the same or similar circumstances were answered unanimously. When the jury got to considering the damage issues Mr. Kelly stated the issues should be answered, "None," because of their previous findings. Some, and especially one, juror wanted to give damages and two or three times they reconsidered their answers previously given and each time the answers were the same. We cannot believe that after the jurors were informed of the effect of their answers and two or three times went back and reconsidered their answers and made the same answers each time that they were misled or unduly influenced but that such statements or arguments made by Mr. Kelly, if any amounted to nothing more than the arguments of an opinionated juror who believed in his position from the evidence introduced. Rule 327 and 434, T.R.

C.P.; Kendall v. Southwestern Public Service Company, Tex.Civ.App., 336 S.W.2d 770 and the cases there cited. We overrule plaintiffs' points of error 10, 11, 12 and 13.

 We have carefully considered all of appellants' assignments of error and are of the opinion that there was sufficient evidence to sustain the jury's findings as to the negligence and proximate cause and that Witt was acting in an emergency. We think that a proper judgment was rendered upon the verdict of the jury.

Judgment of the trial court is affirmed.