Francis W. WINN, et ux, James and
Carol Dunaway, Appellants,

v.

**RIDGEWOOD DEVELOPMENT CO.**
**and Roy and Pat Knepper,**
**Appellees.**

No. 2–84–244–CV.

Court of Appeals of Texas,
Fort Worth.

June 13, 1985.

Kelley, Appleman, Hart & Hallman, Janice A. Schattman, Fort Worth, for appellants.

Cantey, Hanger, Gooch, Munn & Collins, Evelyn R. Leopold, Fort Worth, for appellees.

Before BURDOCK, JOE SPURLOCK, II and HILL, JJ.

## OPINION

BURDOCK, Justice.

This is an appeal from a permanent injunction entered on August 15, 1984, requiring the removal of a treehouse from residential property owned by appellants James and Carol Dunaway and awarding attorney's fees to appellees.

We reverse and render the judgment of the trial court.

Appellants James and Carol Dunaway purchased Lots 3 and 4 in the Ridgewood Addition in Fort Worth on September 11, 1978. Appellees Roy and Pat Knepper purchased Lot 11 in that addition on March 10, 1980, and Lot 12 on August 13, 1981. On January 28, 1983, appellants Francis and Nancy Winn, the parents of Carol Dunaway, purchased Lots 1 and 2 adjoining the Dunaways' home. The Winns have never built a home on this property and continue to reside in Dallas. In February, 1983, the Winns gave the Dunaways permission to build a treehouse for their children on Lot 2. The Dunaways purchased Lot 2 from the Winns on April 23, 1984, prior to the trial of this case.

The treehouse is located near the front of Lot 2. It was professionally designed and built of redwood. The structure is twenty feet tall and has two stories which contain a sand box, rope ladder, and swing. There is a wood shingle roof on the top story. The treehouse has approximately one hundred square feet of floor space and was completed during the early part of April, 1983.

The controversy arose over whether the treehouse violated certain restrictive covenants governing Lot 2. Appellee Ridgewood Development Company filed suit on August 16, 1983, seeking a permanent injunction to require the removal of the treehouse from Lot 2 because the lot was not being used for "private residence purposes only" as set out in the deed restrictions for the Ridgewood Addition. On May 4, 1984, appellees Roy and Pat Knepper intervened as owners of property within the Ridgewood Addition entitled to enforce the restrictive covenants.

The trial court entered a judgment for appellees based on the jury's answers to eighteen special issues and awarded attorney's fees to appellees.

Appellants present five points of error on appeal, while appellees raise one cross-point. Appellants' contentions can be summarized as follows:

(1) there is no evidence to support the jury's finding in Special Issue No. 2 that Lot 2 is not being used for private residence purposes only;

(2) the jury's answer to Special Issue No. 2 conflicts with the jury's answers to the other issues and should have been disregarded;

(3 & 4) there was error in the exclusion of appellants' exhibits 57 and 67A–77C which were photographs of other residences in comparable developments with residences on one lot and the adjoining lot reserved for recreational structures; and

(5) the definition of "residential use" which was submitted to the jury is substantially incorrect and should not have been submitted.

By their cross-point, appellees argue that the trial court's judgment should be affirmed but the award of attorney's fees for

appeal to this court and the Texas Supreme Court should be increased.

Our opinion is limited to the facts of this case due to the nature of the structure involved. We will address points of error one and two together since they both involve the jury's answer to Special Issue No. 2. In point of error one, appellants contend that the trial court erred in overruling their motion to vacate judgment and disregard jury finding because there is no evidence to support the jury's answer to Special Issue No. 2 that Lot 2 is not being used for private residence purposes only. By point of error two, appellants contend that the trial court erred in overruling their motion for judgment because the jury's answer to Special Issue No. 2 (a general issue) is in conflict with their answers to Special Issue Nos. 6, 7, 8, 9, 13, and 14 (each of which is a specific issue).

In response to the other special issues the jury found that the treehouse is pertinent to a residence, is suitable for its location, is in harmony with its surroundings, does not have an adverse appearance on adjacent lots, is appurtenant to a residence, and corresponds in style, architecture or materials to the residence to which it is appurtenant. Appellants argue that since the jury answered these other specific issues in their favor, the answer to Special Issue No. 2, a general issue, should have been disregarded.

Special Issue No. 2 asked:

Do you find, from a preponderance of the evidence, that Lot 2, Block 1, Ridgewood Addition, is not being used for private residence purposes only?

Answer: It is not being used for private residence purposes only.

It is being used for private residence purposes only.

ANSWER: IT IS NOT BEING USED FOR PRIVATE RESIDENCE PURPOSES ONLY.

The applicable deed restriction is set forth below in pertinent part:

Section 1. USE OF LAND All lots shall be used for private residence purposes only and no building of whatever kind shall be erected and maintained thereon except private dwelling houses and such outbuildings as are customary or pertinent to residences and dwelling houses occupancy [sic] for single families only.

■ In determining whether a conflict between special issues exists, we must consider the entire charge and the verdict. *Little Rock Furniture Mfg. Co. v. Dunn*, 148 Tex. 197, 222 S.W.2d 985, 989 (1949). Courts will refuse to find a conflict in a jury's answers to special issues when there is any reasonable basis upon which they may be reconciled. *Producers Chemical Company v. McKay*, 366 S.W.2d 220, 224 (Tex.1963); *Hogg v. Washington National Insurance Company*, 503 S.W.2d 325, 328 (Tex.Civ.App.—Tyler 1973, no writ); *Bryant v. Banner Dairies, Inc.*, 255 S.W.2d 271, 275 (Tex.Civ.App.—Eastland 1953, writ ref'd n.r.e.).

It is apparent that the jury's answer to Special Issue No. 2 conflicts with their findings on the suitability of the treehouse in response to the other special issues. Special Issue No. 2 is general and ambiguous. No definition of "private residence purposes" was given to the jury to aid them in answering the question, although the jury was instructed that the definition of "residential use" means "the use of property for living purposes." Special Issue No. 2 is too broad and ambiguous as submitted and was susceptible to misinterpretation by the jury. Special Issue Nos. 6–9, 13, and 14 were answered in appellants' favor because the jury found the treehouse was pertinent and appurtenant to a residence and was suitable and in harmony with the location.

■ The general rule is that specific findings control over general or ambiguous findings. *Ingles v. Cohen*, 543 S.W.2d 455, 457 (Tex.Civ.App.—Waco 1976, writ ref'd n.r.e.); *Wilkinson v. Southern Farm Supply Association*, 409 S.W.2d 435, 439 (Tex. Civ.App.—Amarillo 1966, writ ref'd n.r.e.); *Cunningham v. Suggs*, 340 S.W.2d 369, 371–72 (Tex.Civ.App.—Eastland 1960, writ ref'd n.r.e.). Therefore, if a conflict is evi-

dent, the court will disregard the general or ambiguous finding to resolve the conflict. *Wilkinson,* 409 S.W.2d at 439.

▪ Disregarding the jury's answer to Special Issue No. 2, we find that the other issues were answered in favor of appellants and are consistent with a determination that the treehouse is a proper residential use of the lot. *See, e.g., MacDonald v. Painter,* 441 S.W.2d 179, 182 (Tex. 1969) (term "residential purposes" does not prohibit duplex); *Travis Heights Improvement Ass'n. v. Small,* 662 S.W.2d 406, 412 (Tex.App.—Austin 1983, no writ) (restrictive covenant which provides that property "shall be used for private residence purposes only" does not preclude residential-type condominium); *Briggs v. Hendricks,* 197 S.W.2d 511, 513 (Tex.Civ.App.—Galveston 1946, no writ) (mere fact that doctor practices medicine in his home not sufficient to show violation of "residential use" restriction).

▪ In determining a "no evidence" point, we are to consider only the evidence and inferences which tend to support the finding of the jury and disregard all evidence and inferences to the contrary. *See International Armament Corporation v. King,* 686 S.W.2d 595 (Tex.1985); *Stodghill v. Texas Employers Insurance Association,* 582 S.W.2d 102, 103 (Tex.1979); *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660, 661–62 (1951). If there is any evidence of probative force to support the finding of the jury, the point must be overruled and the finding upheld. *In re King's Estate,* 244 S.W.2d at 661–62.

▪ A "no evidence" point of error must and may only be sustained when the record discloses one of the following: (1) a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla of evidence; (4) the evidence establishes conclusively the opposite of a vital fact. *Royal Indemnity Co. v. Little Joe's Catfish Inn, Inc.,* 636 S.W.2d 530, 531 (Tex.App.—San Antonio 1982, no writ); Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error,* 38 TEXAS L.REV. 361 (1960).

If a "no evidence" point is sustained and the proper procedural steps have been taken, the finding under attack may be disregarded entirely and judgment rendered for the appellant unless the interests of justice require another trial. *See National Life and Accident Insurance Co. v. Blagg,* 438 S.W.2d 905, 909 (Tex.1969); *Garza v. Alviar,* 395 S.W.2d 821, 823 (Tex.1965).

▪ The term "residential purposes" requires the use of property for living purposes as opposed to business or commercial purposes. *MacDonald,* 441 S.W.2d at 182; *Southampton Civic Club v. Couch,* 159 Tex. 464, 322 S.W.2d 516, 518 (1959). Considering only the evidence favorable to the jury's finding, we can find no evidence that Lot 2 was not being used for living purposes. Since there was no evidence that Lot 2 and the treehouse were being used for business or commercial purposes, the only logical conclusion is that it was being used for "living purposes" and that the character of the treehouse is consistent with a residential use. *See MacDonald,* 441 S.W.2d at 182; *Travis Heights Improvement Ass'n.,* 662 S.W.2d at 412; *Briggs,* 197 S.W.2d at 513.

Appellant's first and second points of error are sustained. Because of our disposition of their first two points of error, we need not discuss points of error three, four, and five, and appellees' cross-point regarding attorney's fees.

The jury's answers to the remainder of the special issues were answered in favor of appellant, therefore, the judgment of the trial court is reversed and rendered in favor of appellants.